UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALERIE FLORES,

Plaintiff,

-against-

FIREHOUSE MINISTRIES, ET AL.,

Defendants.

26-CV-3146 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who provides a mailing address in Albany, New York,[1] brings this *pro se* action under the court's diversity of citizenship jurisdiction, alleging that Defendants violated her rights in Birmingham, Alabama, as well as in Maryland, Delaware, and Tennessee. Named as Defendants are (1) Firehouse Ministries of Birmingham, Alabama; (2) Jefferson County, Alabama; (3) Shelby County, Alabama; (4) and the City of Birmingham, Alabama. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Northern District of Alabama.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] The address Plaintiff provides is based on her participation in the New York State Address Confidentiality Program, which provides a post office box in Albany, New York.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated her rights in Birmingham, Alabama, as well as in the states of Maryland, Delaware, and Tennessee. She alleges that all defendants reside in either Jefferson County, Alabama, or Shelby County, Alabama.[2] Because none of the defendants resides in this district, and the events giving rise to Plaintiff's claims did not arise in this district, it is clear from the face of the complaint that venue is not proper in this Court under Section 1391(b)(1), (2).[3]

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A substantial part of Plaintiff's claims arose in Birmingham, Alabama, which is primarily located in Jefferson County, but also extends into Shelby County, and all defendants reside in either Jefferson County or Shelby County. Jefferson County and Shelby County are located within the Northern District of Alabama. *See* 28 U.S.C. § 81(a). Accordingly, venue lies in the Northern District of Alabama, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Northern District of Alabama, 28 U.S.C. § 1406(a).

---

[2] Although the complaint is unclear, Plaintiff may also be attempting to assert claims against several additional known and unknown defendants, all of which appear also to be located in Birmingham, Alabama. (*See* ECF 1, at 1.)

[3] This district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

**CONCLUSION**

The Clerk of Court is directed to transfer this action, in the interest of justice, to the

United States District Court for the Northern District of Alabama. Whether Plaintiff should be

permitted to proceed further without prepayment of fees is a determination to be made by the

transferee court. Summonses shall not issue from this court. This order closes this case in this

court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order

would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose

of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 8, 2026
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

3